UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN FISCHLER, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALL YEAR MANAGEMENT LLC, D/B/A DENIZEN BSHWK,<br><br>Defendant. | ECF CASE<br><br>No.: _____<br><br><u>CLASS ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

<u>INTRODUCTION</u>

1.      Plaintiff Brian Fischler, who is legally blind, brings this civil rights action against Defendant All Year Management LLC d/b/a Denizen Bshwk ("Denizen") for its failure to design, construct, maintain, and operate its Websites, www.54nollstreet.com and www.denizenbushwick.com (the "Websites"), to be fully accessible to and independently usable by Plaintiff Fischler and other blind or visually-impaired people. Denizen Bshwk denies full and equal access to its Websites.

2.      Plaintiff Fischler, individually and on behalf of others similarly situated, asserts claims under the Americans With Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") against Denizen Bshwk.

3.      Plaintiff Fischler seeks a permanent injunction to cause Denizen Bshwk to change its corporate policies, practices, and procedures so that its Websites will become and remain accessible to blind and visually-impaired consumers.

<u>THE PARTIES</u>

4.      Plaintiff Fischler is, at all relevant times, a resident of Astoria, New York, Queens County. As a blind, visually-impaired handicapped person, he is a member of a protected class of individuals under Title III of the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the NYSHRL and NYCHRL.

5.      Denizen Bshwk is at all relevant times a domestic limited liability company that is organized under New York law, and authorized to do business in the State of New York.

<u>JURISDICTION AND VENUE</u>

6.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff Fischler's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

7.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff Fischler's NYSHRL, N.Y. Exec. Law Article 15, and NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*, claims.

8.      Venue is proper under §1391(b)(2) as a substantial part of the events giving rise to the claims occurred in this District: Plaintiff Fischler is a resident of this District; and he has attempted to access the Websites in this District and, in doing so, was denied the full use and enjoyment of the facilities, goods, and services of the Websites while in this District.

9.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>NATURE OF ACTION</u>

10.     Blind and visually impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech ("JAWS") is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

11.     For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually impaired user is unable to access the same content available to sighted users.

12.     The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure its websites are accessible.

13.     For a website to be equally accessible to a blind or visually impaired person, under these guidelines, it should have following:

a.     Alternative text ("alt-text") or text equivalent for every non-text element. Alt-text is an invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that screen-reading software can speak the alt-text where a sighted user sees pictures, which includes captcha

prompts. Alt-text does not change the visual presentation, but instead a text box shows when the mouse moves over the picture. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics, depriving that person from knowing what is on the website.

b.      Videos have audio description.

c.      Title frames with text are provided. Absent these titles, navigating a website is particularly difficult.

d.      Webpage headings are properly labeled with the topic or purpose of the webpage, versus being blank. Screen readers read out page headings, allowing users to quickly skip to a section. Navigation is, however, very difficult without those headings.

e.      Equivalent text is provided when using scripts.

f.      Forms may be completed with the same information and functionality as for sighted persons. Absent forms being properly labeled, it is difficult for a visually impaired or blind individual to complete the forms, as they do not know what the fields, how to input data, or what options to select (e.g., selecting a date or a size). A compliant website will, instead, provide labels or instructions when content requires user input. This includes captcha prompts, requiring the user to verity that he or she is not a robot.

g.      Information about the meaning and structure of content is conveyed by more than the visual presentation of content.

h.      Web pages do not share the same ID or title. When two or more elements on a web page share the same ID or title, it cause problems in screen readers which use IDs for labeling controls and table headings.

i.      Linked images must contain alt-text explaining the image. Absent that alt-text, a screen reader has no content to present the user as to what the image is.

j.      The purpose of each link is easily determined from how the link is labeled. Absent properly labeling each link or when no description exists, it confuses keyboard and screen-reader users as they do not know the purpose of the links. This includes captcha prompts.

k.      No redundant links where adjacent links go to the same URL address. When redundant links exist, it causes additional navigation and repetition for keyboard and screen-reader users.

l.      Portable Document Formats (PDFs) are accessible. When they are inaccessible, the visually impaired or blind individual cannot learn what information is on them.

m.      One or more keyboard operable user interface has a mode of operation where the keyboard focus indicator is discernible.

n.      Changing the setting of a user interface component does not automatically cause a change of content where the user has not been advised before using the component.

o.      The name and role of all user interface elements can be programmatically determined; items that can be set by the user can be programmatically

set; and/or notification of changes to these items are available to user agents, including assistive technology.

STATEMENT OF FACTS

Denizen Bshwk, Its Websites And Its Websites' Barriers

14.     Denizen Bshwk is an apartment building located at 54 Noll Street, Brooklyn, New York in the neighborhood of Bushwick. It rents within this buildings, studio apartments, and apartments with one or more bedrooms.

15.     Denizen Bshwk's Websites are heavily integrated with its building, serving as its gateway. Through the Websites, Denizen Bshwk's tenants and prospective tenants are, inter alia, able to: learn information about the building, including its location, apartment features and building amenities; view images of the apartments; learn about the neighborhood; learn what units are available and details on those units, including square footage, the floor on which it is located and rent amount; contact the leasing office via an online form and interact with the building's social media accounts via links contained on the Websites.

16.     It is, upon information and belief, Denizen Bshwk's policy and practice to deny Plaintiff Fischler and other blind or visually-impaired users access to its Websites, thereby denying the facilities and services that are offered and integrated with its apartment building. Due to its failure and refusal to remove access barriers to its Websites, Plaintiff Fischler and visually-impaired persons have been and are still being denied equal access to Denizen Bshwk's apartment building and the numerous facilities, goods, services, and benefits offered to the public through its Websites.

17.     Plaintiff Fischler cannot use a computer without the assistance of screen-reading software. He is, however, a proficient screen-reader user and uses it to access the Internet. He has visited the Websites on separate occasions using screen-reading software.

18.     During his visits to the Websites, the last occurring on or about August 16, 2018, Plaintiff Fischler encountered multiple access barriers that denied him the full enjoyment of the facilities, goods, and services of the Websites, as well as to the facilities, goods, and services of Denizen Bshwk's apartment building. Because of these barriers he was unable to, substantially equal to sighted individuals:

a.     Know what is on the Websites. This is largely because the non-text images lack alt-text describing them.  All of the images for both Websites, in fact, lack any alt-text.  They are very poorly labeled.  On the Websites www.54noll.com, all images are labeled "luxury rental in Brooklyn" or "luxury apartment in Brooklyn."  On the Websites www.denizenbushwick.com  images are labeled with file names that include long          strings          of          numbers          like "38618255_2277481855818925_8672466490286407680_n.jpg."   Plaintiff Fischler was also unable to learn about the neighborhood surrounding the building on the Websites because the images of the neighborhood were either not detected or poorly labeled with only file names.

b.     Navigate the Websites. Plaintiff Fischler had difficulty navigating the Websites due to their poor layout.  Everything is laid out on a single page therefore the links must redirect the focus of the screen reader.  This did not happen regularly.  For example, when Plaintiff Fischler selected the link to "Schedule Your Tour" on

www.54noll.com, there is no alert that a form has appeared, therefore Plaintiff Fischler thought the link was defective.  It was only with the assistance of a sighted user that he was able to locate the form.  The availabilities sections of both Websites were difficult to navigate using a screen reader.  On www.54noll.com, Plaintiff Fischler was able to get information on pricing, however, after each price the screen reader tells him there are "four (4) items," leading him to believe that there is more information that he can access or interact with, but nothing is accessible. On www.denizenbushwick.com, he also had difficulty navigating the availabilities section because the filters through which one can browse availability repeat themselves so Plaintiff Fischler must arrow through every filter option twice to reach the list of apartments.  There is also no heading navigation; every piece of information on a page is listed as a heading so Plaintiff Fischler could not skip through any content.  On this Websites, he was unable to access floorplans.  He selected floorplan for 201 and was not given any information.

19.    Plaintiff Fischler was denied full and equal access to the facilities and services Denizen Bshwk offers to the public on its Websites because he encountered multiple accessibility barriers that visually-impaired people often encounter with non-compliant websites:

a.    Lack of alt-text for images.

b.    Links use general text like "more" with no surrounding text explaining the link purpose.

c.    Webpages have markup errors.

Denizen Bshwk Must Remove Barriers to Its Websites

20.     Due to the inaccessibility of its Websites, blind and visually-impaired customers such as Plaintiff Fischler, who need screen-readers, cannot fully and equally use or enjoy the facilities, goods, and services Denizen Bshwk offers to the public on its Websites. The Websites' access barriers that Plaintiff Fischler encountered have caused a denial of his full and equal access in the past, and now deter him on a regular basis from accessing the Websites. These access barriers have likewise deterred him from visiting Denizen Bshwk's apartment building and enjoying it equal to sighted individuals.

21.     If the Websites was equally accessible to all, Plaintiff Fischler could independently navigate it, learn about available apartments, schedule a tour, and learn about the neighborhood as sighted users can.

22.     Through his attempts to use the Websites, Plaintiff Fischler has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

23.     Because simple compliance with the WCAG 2.1 Guidelines would provide Plaintiff Fischler and other visually-impaired consumers with equal access to the Websites, Plaintiff Fischler alleges that Denizen Bshwk has engaged in acts of intentional discrimination, including, but not limited to, the following policies or practices:

a.     Constructing and maintaining a website that is inaccessible to visually-impaired individuals, including Plaintiff Fischler;

b.     Failing to construct and maintain a website that is sufficiently intuitive to be equally accessible to visually-impaired individuals, including Plaintiff Fischler; and,

c.      Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually impaired consumers, such as Plaintiff Fischler, as a member of a protected class.

24.     Denizen Bshwk therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

25.     Title III of the ADA expressly contemplates the injunctive relief that Plaintiff Fischler seeks under 42 U.S.C. § 12188(a)(2).

26.     Because its Websites have never been equally accessible, and because Denizen Bshwk lacks a corporate policy that is reasonably calculated to cause its Websites to become and remain accessible, Plaintiff Fischler seeks a permanent injunction under 42 U.S.C. § 12188(a)(2) requiring Denizen Bshwk to retain a qualified consultant acceptable to Plaintiff Fischler to assist Denizen Bshwk to comply with WCAG 2.1 guidelines for its Websites:

a.      Remediating the Websites to be WCAG 2.1 compliant;

b.      Training Denizen Bshwk employees and agents who develop the Websites on accessibility compliance under the WCAG 2.1 guidelines;

c.      Regularly checking the accessibility of the Websites under the WCAG 2.1 guidelines;

d.      Regularly testing user accessibility by blind or vision-impaired persons to ensure that Denizen Bshwk's Websites comply with the WCAG 2.1 guidelines; and,

e.      Developing an accessibility policy that is clearly disclosed on Denizen Bshwk's Websites, with contact information for users to report accessibility-related problems.

27.     Although Denizen Bshwk may currently have centralized policies on maintaining and operating its Websites, Denizen Bshwk lacks a plan and policy reasonably calculated to make them fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

28.     Without injunctive relief, Plaintiff Fischler and other visually impaired consumers will continue to be unable to independently use the Websites, violating its rights.

29.     Denizen Bshwk has, upon information and belief, invested substantial sums in developing and maintaining its Websites and has generated significant revenue from the Websites. These amounts are far greater than the associated cost of making its Websites equally accessible to visually impaired customers.

30.     Denizen Bshwk has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

<u>CLASS ACTION ALLEGATIONS</u>

31.     Plaintiff Fischler seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access Denizen Bshwk's Websites and as a result have been denied access to the equal enjoyment of goods and services offered in Denizen Bshwk's apartment building, during the relevant statutory period ("Class Members").

32.     Plaintiff Fischler seeks to certify a State of New York subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the State of New York who have attempted to access the Websites and as a result have been denied access to the equal enjoyment of goods and services offered in Denizen Bshwk's apartment building, during the relevant statutory period ("New York Subclass Members").

33.     Plaintiff Fischler seeks to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York who have attempted to access the Websites and as a result have been denied access to the equal enjoyment of goods and services offered in Denizen Bshwk's apartment building, during the relevant statutory period ("New York City Subclass Members").

34.     Common questions of law and fact exist amongst the Class Members, New York Subclass Members and New York City Subclass Members:

    a.     Whether Denizen Bshwk's apartment building is a place of "public accommodation";

    b.     Whether the Websites are a "public accommodation" or a service or good "of a place of public accommodation" under Title III of the ADA;

    c.     Whether the Websites are a "place or provider of public accommodation" or an "accommodation, advantage, facility or privilege" under the NYSHRL or NYCHRL;

    d.     Whether the Websites deny the full and equal enjoyment of their goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating Title III of the ADA; and

e. Whether the Websites deny the full and equal enjoyment of their goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYSHRL or NYCHRL.

35. Plaintiff Fischler's claims are typical of the Class Members, New York Subclass Members and New York City Subclass Members: they are all severely visually impaired or otherwise blind, and claim that Denizen Bshwk has violated Title III of the ADA, NYSHRL or NYCHRL by failing to update or remove access barriers on its Websites so they can be independently accessible to the visually impaired individuals.

36. Plaintiff Fischler will fairly and adequately represent and protect the Class and Subclasses' interests because he has retained and is represented by counsel competent and experienced in complex class action litigation, and because he has no interests antagonistic to the Class or Subclasses. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Denizen Bshwk has acted or refused to act on grounds generally applicable to the Class and Subclasses, making appropriate both declaratory and injunctive relief with respect to Plaintiff, the Class and Subclasses.

37. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class and Subclass Members predominate over questions affecting only individuals, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

38. Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

39.     Plaintiff Fischler, individually and on behalf of the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

40.     Title III of the ADA prohibits "discriminat[ion] on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

41.     Denizen Bshwk's apartment building is a public accommodation under Title III of the ADA, 42 U.S.C. § 12181(7). Its Websites are a service, privilege, or advantage of Denizen Bshwk's apartment building. The Websites are a service that is integrated with this building.

42.     Under Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

43.     Under Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

44.     Under Title III of the ADA, unlawful discrimination also includes, among other things:

[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

45.     These acts violate Title III of the ADA, and the regulations promulgated thereunder. Plaintiff Fischler, who is a member of a protected class of persons under Title III of the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, he has been denied full and equal access to the Websites, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.

46.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff Fischler requests the relief as set forth below.

SECOND CAUSE OF ACTION
VIOLATIONS OF THE NYSHRL

47.     Plaintiff Fischler, individually and on behalf of the New York Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

48.     Denizen Bshwk's State of New York apartment building constitutes a sales establishment and public accommodation under N.Y. Exec. Law § 292(9). Denizen Bshwk's Websites are a service, privilege or advantage of Denizen Bshwk. Denizen Bshwk's Websites are a service that is by and integrated with these apartment building.

49.     Denizen Bshwk is subject to NYSHRL because it owns and operates its New York apartment building and the Websites. Denizen Bshwk is a "person" within the meaning of N.Y. Exec. Law § 292(1).

50.     Denizen Bshwk is violating the NYSHRL in refusing to update or remove access barriers to its Websites, causing its Websites and the services integrated with its New York apartment building to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Denizen Bshwk makes available to the non-disabled public. N.Y. Exec. Law §§ 296(2)(a), 296(2)(c)(i), 296(2)(c)(ii).

51.     Readily available, well-established guidelines exist on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities and government agencies in making their websites accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make its Websites accessible would neither fundamentally alter the nature of its business nor result in an undue burden to them.

52.     Denizen Bshwk's actions constitute willful intentional discrimination against the class because of a disability, violating the NYSHRL, N.Y. Exec. Law § 296(2), in that Denizen Bshwk has:

a.      Constructed and maintained a website that is inaccessible to Class Members with knowledge of the discrimination; and/or

b.      Constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c.      Failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

53.      Denizen Bshwk discriminates, and will continue in the future to discriminate against Plaintiff Fischler and New York Subclass Members on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Denizen Bshwk's Websites and its New York apartment building under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Denizen Bshwk from continuing to engage in these unlawful practices, Plaintiff and the New York Subclass Members will continue to suffer irreparable harm.

54.      As Denizen Bshwk's actions violate the NYSHRL, Plaintiff Fischler seeks injunctive relief to remedy the discrimination, compensatory damages, civil penalties and fines under N.Y. Exec. Law § 297(4)(c) *et seq.* for every offense, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE NYCHRL

55.      Plaintiff Fischler, individually and on behalf the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

56.     Denizen Bshwk's New York City building is a sales establishment and public accommodation under the NYCHRL, N.Y.C. Admin. Code § 8-102(9), and its Websites is a service that is integrated with that establishment.

57.     Denizen Bshwk is subject to NYCHRL because it owns and operates its New York City apartment building and its Websites, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

58.     Denizen Bshwk is violating the NYCHRL in refusing to update or remove access barriers to Websites, causing its Websites and the services integrated with its New York City apartment building to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Denizen Bshwk makes available to the non-disabled public. N.Y.C. Admin. Code §§ 8-107(4)(a), 8-107(15)(a).

59.     Denizen Bshwk's actions constitute willful intentional discrimination against the Subclass because of a disability, violating the NYCHRL, N.Y.C. Admin. Code § 8-107(4)(a) and § 8-107(15)(a,) in that it has:

        a.      Constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

        b.      Constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

        c.      Failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

60.     As such, Denizen Bshwk discriminates, and will continue in the future to discriminate against Plaintiff Fischler and the New York City Subclass Members because

of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of its Websites and its establishments under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Denizen Bshwk from continuing to engage in these unlawful practices, Plaintiff and the New York City Subclass will continue to suffer irreparable harm.

61.     As Denizen Bshwk's actions violate the NYCHRL, Plaintiff Fischler seeks injunctive relief to remedy the discrimination, compensatory damages, civil penalties and fines for each offense, and reasonable attorneys' fees and costs. N.Y.C. Admin. Code §§ 8-120(8), 8-126(a).

## FOURTH CAUSE OF ACTION
### DECLARATORY RELIEF

62.     Plaintiff Fischler, individually and on behalf the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

63.     An actual controversy has arisen and now exists between the parties in that Plaintiff Fischler contends, and is informed and believes that Denizen Bshwk denies, that its Websites contain access barriers denying blind customers the full and equal access to the goods, services and facilities of its Websites and by extension its apartment building, which Denizen Bshwk owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

64.     A judicial declaration is necessary and appropriate now in order that each of the parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fischler respectfully requests this Court grant the following relief:

a.       A preliminary and permanent injunction to prohibit Denizen Bshwk from violating Title III of the ADA, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Admin. Code § 8-107, *et seq.*, and the laws of New York;

b.       A preliminary and permanent injunction requiring Denizen Bshwk to take all the steps necessary to make its Websites into full compliance with the requirements set forth in Title III of the ADA, and its implementing regulations, so that the Websites are readily accessible to and usable by blind individuals;

c.       A declaration that Denizen Bshwk owns, maintains and/or operates the Websites in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by ADA, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Admin. Code § 8-107, *et seq.*, and the laws of New York

d.       An order certifying the Class and Subclasses under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

e.       Compensatory damages in an amount to be determined by proof, including all applicable statutory damages, punitive damages and fines;

f.       Pre- and post-judgment interest;

g.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Fischler demands a trial by jury on all

questions of fact the Complaint raises.

Dated:  New York, New York
        August 20, 2018

                    LIPSKY LOWE LLP


                    s/ Douglas B. Lipsky
                    Douglas B. Lipsky
                    Christopher H. Lowe
                    630 Third Avenue, Fifth Floor
                    New York, New York 10017-6705
                    212.392.4772
                    doug@lipskylowe.com
                    chris@lipskylowe.com